# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TITUS LAMAR CLARK, | |
| Petitioner, | CIVIL ACTION NO. 1:15-cv-01567 |
| v. | (KANE, J.)<br>(SAPORITO, M.J.) |
| VINCENT MOONEY, | |
| Respondent. | |

## REPORT AND RECOMMENDATION

On August 11, 2015, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254. (Doc. 1). At the time of filing, the petitioner, Titus Lamar Clark, was incarcerated at SCI Coal Township, which is located in Northumberland County, Pennsylvania.

## I. BACKGROUND

In the instant federal habeas petition, Clark has challenged a March 2015 decision by the Commonwealth of Pennsylvania Board of Probation and Parole (the "Board") to deny him release on parole. Clark claims that the March 2015 denial of parole constitutes a violation of his Fourteenth Amendment due process rights. In particular, he contends that the Board's denial of parole was arbitrary and capricious.

On November 23, 2015, the respondent filed his answer to the petition, together with a brief in support. (Doc. 9; Doc. 10). On December 16, 2015, the Court received and filed Clark's reply to the respondent's answer. (Doc. 11).

On March 14, 2016, the Court received and filed a notice of change of address from Clark, in which he advised the Court that he had been released on parole on March 3, 2016. (Doc. 12). The envelope in which he sent that notice included a residential return address located in York, Pennsylvania. (*Id.*). A review of publicly available records confirms that Clark has been released from the custody of the Pennsylvania Department of Corrections.[1]

## II. DISCUSSION

It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy, as required by Article III of the United States Constitution. *See Spencer v.*

---

[1] *See* Pa. SAVIN Search Form (Offender ID No. "KH5471") ("out of custody" / "paroled"), *at* https://www.vinelink.com (last checked Apr. 26, 2017); Pa. Dep't of Corr., Inmate Locator (Inmate No. "KH5471") (no records), *at* http://inmatelocator.cor.pa.gov (last checked Apr. 26, 2017). *See generally* Fed. R. Evid. 201; *Ilarraza v. Chuta*, Civil Action No. 1:15-cv-2406, 2017 WL 1246363, at *2 (M.D. Pa. Feb. 10, 2017) (taking judicial notice of SAVIN and DOC Inmate Locator search results).

*Kemna*, 523 U.S. 1, 7 (1998); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant *and likely to be redressed by a favorable judicial decision.*" *Burkey*, 556 F.3d at 147 (emphasis added) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings . . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer*, 523 U.S. at 7 (quoting *Lewis*, 494 U.S. at 477–78). Thus, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996).

Here, the only relief sought by Clark is his immediate release from prison on parole. Through the passage of time, Clark has been released on parole, thereby obtaining the relief he sought through habeas. Accordingly, his claims that the Board unlawfully denied him parole in March 2015 are moot. *See Razzoli v. FCI Allenwood*, 200 Fed. App'x 166, 169 (3d Cir. 2006)

(per curiam) (affirming dismissal of habeas petition as moot where petitioner challenged delay in parole and was subsequently released on parole); *Alford v. Kerestes*, Civil Action No. 3:13-CV-02800, 2015 WL 11622970, at *2 (M.D. Pa. Mar. 17, 2015) (recommending dismissal of habeas petition as moot where petitioner challenged denial of parole and was subsequently released on parole), *adopted by* 2015 WL 11622946 (M.D. Pa. Apr. 7, 2015); *Mathews v. Hendricks*, No. Civ. A. 04-4033(AET), 2005 WL 1115967, at *2 (D.N.J. May 6, 2005) (dismissing habeas petition as moot where petitioner challenged failure to grant parole and was subsequently granted parole); *Engel v. Gillis*, No. 2:04-CV-04400-PBT, 2005 WL 139085, at *3 (E.D. Pa. Jan. 21, 2005) (recommending dismissal of habeas petition as moot where petitioner challenged rescission of parole to community corrections center and petitioner was subsequently paroled to a community corrections center); *Husovsky v. Lavan*, No. Civ. A. 04-2716, 2004 WL 2316635, at *1 (E.D. Pa. Oct. 14, 2004) (recommending dismissal of habeas petition as moot where petitioner challenged denial of parole and was subsequently released on parole), *adopted by* 2005 WL 1785301 (E.D. Pa. July 19, 2005).

## III. RECOMMENDATION

Based on the foregoing, it is recommended that the petition (Doc. 1) be **DISMISSED as MOOT**. It is further recommended that the Court decline to issue a certificate of appealability, as the petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Buck v. Davis*, 137 S. Ct. 759, 773–75 (2017); *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**Dated: April 26, 2017**  *s/ Joseph F. Saporito, Jr.*
**JOSEPH F. SAPORITO, JR.**
**United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TITUS LAMAR CLARK,<br><br>　　Petitioner,<br><br>v.<br><br>VINCENT MOONEY,<br><br>　　Respondent. | CIVIL ACTION NO. 1:15-cv-01567<br><br>(KANE, J.)<br>(SAPORITO, M.J.) |

## **NOTICE**

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated April 26, 2017. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.


Dated: April 26, 2017	***s/ Joseph F. Saporito, Jr.***
	JOSEPH F. SAPORITO, JR.
	United States Magistrate Judge